IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
FEB 2 5 2008
2-25-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| 7865 INDUSTRIAL DRIVE, LLC, an Illinois limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> THE VILLAGE OF FOREST PARK, an Illinois municipality, and ANTHONY CALDERONE, an Illinois citizen, in his official capacity as Mayor of the Village of Forest Park. | ) ) ) ) ) ) ) 08CV1147 ) JUDGE BUCKLO ) MAG. JUDGE KEYS ) ) ) ) |

## COMPLAINT

Plaintiff, 7865 INDUSTRIAL DRIVE, LLC, pursuant to 42 U.S.C. § 1983, for its Complaint against Defendants, THE VILLAGE OF FOREST PARK (the "Village") and ANTHONY CALDERONE, in his official capacity as Mayor of the Village of Forest Park ("Calderone" or the "Mayor"), states as follows:

### NATURE OF THE ACTION

1. On November 26, 2007, the Village passed Local Ordinance O-57-07, entitled "An Ordinance Amending the Village Code Providing for the Licensing and Regulation of Sexually Oriented Businesses in the Village of Forest Park, Cook County, Illinois" (the "Ordinance").

2. This action seeks a declaratory judgment under 42 U.S.C. § 1983 that the location restrictions contained in the Ordinance constitute an illegal abridgment of Plaintiff's freedom of speech in violation of the First Amendment to the Constitution of the United States.

3. This action also seeks an injunction under 42 U.S.C. § 1983 barring the Village or

471704.1

its Mayor from enforcing the locational provisions of the Ordinance and directing the approval of Plaintiff's Application for a Type 4 Entertainment business license.

4. Finally, this action seeks damages equal to the value of Plaintiff's profits and business opportunities lost by virtue of its inability to operate its business, said value to be proven at trial, as well as attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## PARTIES

5. Plaintiff 7865 Industrial Drive, LLC, is an Illinois limited liability company with its principal place of business in Forest Park, Illinois.

6. Defendant The Village of Forest Park is an Illinois municipality.

7. Defendant Anthony Calderone is an Illinois citizen residing in Forest Park, Illinois, and is the Mayor of the Village of Forest Park.

## JURISDICTION AND VENUE

8. This Court has general personal jurisdiction over Defendant Village of Forest Park in that it is an Illinois municipality located within Cook County, Illinois. This Court has general personal jurisdiction over Defendant Calderone in that he is an individual residing within Cook County, Illinois. This Court has specific personal jurisdiction over Defendants in that this action arises out of the passage and enforcement of an ordinance by an Illinois municipality located within Cook County, Illinois, against an Illinois limited liability company located within Cook County, Illinois.

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this matter concerns a federal question arising under 42 U.S.C. § 1983 and the Constitution of the United States.

10. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391 (b) because at least one Defendant resides in the Northern District of Illinois and all Defendants reside in the State of Illinois.

## COUNT I
## VIOLATION OF CIVIL RIGHTS

11. On or about November 7, 2007, Plaintiff applied to the Village of Forest Park for a Class A license to serve liquor in an amusement establishment, pursuant to Sections 3-3-3 and 3-3-12 of the Village Code. Said amusement establishment was to be located at 7865-7975 Industrial Drive; Forest Park, Illinois.

12. At the same time, Plaintiff applied, pursuant to Section 3-5-1 of the Village Code, for a license to operate an Type 4 (over 6 persons) Entertainment business at the same establishment. In its license application, Plaintiff stated that "[t]he applicants intend to operate a nightclub/gentleman's club serving alcohol and having topless dancers."

13. Less than three weeks later, on November 26, 2007, the Village Council, which is comprised of the Mayor and four elected Village Commissioners, voted on and passed Local Ordinance O-57-07 ("the Ordinance"), which amends various portions of the Village Code.

14. The Ordinance purports to regulate "sexually oriented businesses," which it defines as "an adult arcade, adult bookstore or adult video store, adult cabaret, adult motel, adult motion picture theater, adult theater, escort agency, nude model studio, or sexual encounter center." Village Code, 3-11-3 (19).

15. The Ordinance defines an "adult cabaret" as:

a nightclub, bar, restaurant, café, or similar commercial establishment that regularly, commonly, habitually, or consistently features:

    (A)    persons who appear in a state of nudity or semi-nudity; or

    (B)    live performances that are distinguished or characterized by the exposure of "specified anatomical areas" or by "specified sexual activities"; or

    (C)    films, motion pictures, video cassettes, slides, photographic reproductions, or other image producing devices that are distinguished or characterized by the depiction or description of "specified sexual activities" or "specified anatomical areas"; or

    (D)    persons who engage in "exotic" or erotic dancing or performances that are intended for the sexual interests or titillation of an audience or customers.

16.    The Ordinance places various restrictions on the operation and location of "sexually oriented businesses."

17.    Section 3-11-14 of the Village Code, created by the Ordinance, now states, in pertinent part:

> Sexually oriented businesses shall be permitted only in the Sexually Oriented Business Overlay District, as described in Section 9-5C-5 of this Code provided that:
>
> (A)    A sexually oriented business that is an adult entertainment facility, as that phrase is defined in Section 11-5-1.5 of the Illinois Municipal Code (65 ILCS 5/11-5-1.5), shall not be located in violation of the locational restrictions set forth in said Section 11-5-1.5 of the Illinois Municipal Code (65 ILCS 5/11-5-1.5), as amended ...

18.    Section 9-5C-5 of the Village Code, created by the Ordinance, now states, in pertinent part:

> (A)    Sexually oriented businesses shall be permitted only in the Sexually Oriented Business Overlay District. The Sexually Oriented Business Overlay District shall be that portion of the I-2 Industrial District located south of Greenburg Road, east of Des Plaines Avenue, north of the boundary of Woodlawn Cemetery and west of the Village's eastern corporate limits...

19.    Section 9-5C-8 of the Village Code, created by the Ordinance, now states, in pertinent

part:

    (A)    A sexually oriented business that is an adult entertainment facility, as that phrase is defined in Section 11-5-1.5 of the Illinois Municipal Code (65 ILCS 5/11-5-1.5), shall not be located in violation of the locational restrictions set forth in said Section 11-5-1.5 of the Illinois Municipal Code (65 ILCS 5/11-5-1.5), as amended ...

20.    Section 11-5-1.5 of the Illinois Municipal Code, 65 ILCS 5/11-5-1.5, states, in pertinent part:

It is ... prohibited to locate, construct, or operate a new adult entertainment facility within one mile of the property boundaries of any school, day care center, cemetery, public park, forest preserve, public housing, or place of religious worship located in that area of Cook County outside of the City of Chicago.

For the purposes of this Section, "adult entertainment facility" means (i) a striptease club or pornographic movie theatre whose business is the commercial sale, dissemination, or distribution of sexually explicit material, shows, or other exhibitions ...

21.    Every portion of the Sexually Oriented Business Overlay District created by the Ordinance, including Plaintiff's proposed business location of 7865-7975 Industrial Drive, lies within one mile from the property boundaries of a school, day care center, cemetery, public park, forest preserve, public housing, or place of religious worship.

22.    Accordingly, the effect of the Ordinance is to forbid the operation of "sexually oriented businesses" within the Village of Forest Park, including at Plaintiff's proposed business location of 7865-7975 Industrial Drive, provided that any said "sexually oriented business" satisfies the definition of an "adult entertainment facility" under the Illinois Municipal Code, 65 ILCS 5/11-5-1.5.

23.    On December 5, 2007, nine days after passage of the Ordinance, the Village rejected Plaintiff's business license application. Plaintiff re-filed its application on February 25, 2008.

24. 42 U.S.C. § 1983 provides, in pertinent part, that:

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

25. Plaintiff's right to freedom of speech, as secured by the First Amendment to the Constitution of the United States, includes the right to present nude and semi-nude dancing to adult patrons who wish to view such expressive conduct.

26. By passing and enacting the Ordinance, the Village has acted under the color of law to deprive Plaintiff of, and to impose a prior restraint on Plaintiff's exercise of, this constitutional right, thereby causing injury to Plaintiff.

27. On information and belief, the Village acted in bad faith and with the specific intent of depriving Plaintiff, in particular, of its freedom of speech, including by circulating memoranda to the Village Zoning Board of Appeals with scripted questions to ask the "open meeting" during which the Ordinance was reviewed in order to create the appearance of a disinterested review.

28. Plaintiff has been economically damaged by the Village's deprivation of and imposition of a prior restraint on Plaintiff's exercise of Plaintiff's right to freedom of speech in that Plaintiff has lost business income and opportunities.

WHEREFORE, Plaintiff, 7865 Industrial Drive, LLC, prays that this Court enter judgment in its favor and against Defendants The Village of Forest Park and Anthony Calderone and enter and order:

    (a)    declaring that the locational provisions of the Ordinance, specifically Sections 3-11-14, 9-5C-5 and 9-5C-8 of the Village Code, are

unconstitutional and unenforceable;

(b) enjoining the Village and the Mayor from enforcing or applying the locational provisions of the Ordinance;

(c) ordering the Village and the Mayor to grant Plaintiff a Type 4 Entertainment business license;

(d) awarding Plaintiff such damages as are proven at trial;

(e) awarding Plaintiff its costs and attorneys' fees incurred in the prosecution of this action, pursuant to 42 U.S.C. § 1988; and

(f) granting such other relief as the Court deems just.

Dated: February 25, 2008

                               Respectfully submitted,

                               7865 INDUSTRIAL DRIVE, LLC

                               By: _____
                                            One of its Attorneys

Lawrence W. Byrne
Stan C. Sneeringer
PEDERSEN & HOUPT
161 North Clark Street
Suite 3100
Chicago, Illinois 60601-3242
(312) 641-6888

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 7865 INDUSTRIAL DRIVE, LLC, an Illinois limited liability company, ) ) ) ) Plaintiff, ) ) ) v. ) ) THE VILLAGE OF FOREST PARK, an Illinois ) municipality, and ANTHONY CALDERONE, an ) Illinois citizen, in his official capacity as Mayor ) of the Village of Forest Park. ) | Case No. |

### DISCLOSURE STATEMENT

Plaintiff, 7865 INDUSTRIAL DRIVE, LLC, pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 7.1, for its Disclosure Statement, states as follows:

Plaintiff is a limited liability company formed under the laws of the State of Illinois. It's sole member is Kenneth DeGori, an individual citizen of the State of Illinois who is domiciled in that State.

Dated: February 25, 2008

Respectfully submitted,

7865 INDUSTRIAL DRIVE, LLC

By: _____
One of its Attorneys

Lawrence W. Byrne
Stan C. Sneeringer
PEDERSEN & HOUPT
161 North Clark Street
Suite 3100
Chicago, Illinois 60601-3242
(312) 641-6888