IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 7865 INDUSTRIAL DRIVE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2008 CV 1147 |
| | ) Judge Bucklo |
| VILLAGE OF FOREST PARK and | ) |
| ANTHONY CALDERONE, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS**

NOW COME Defendants, VILLAGE OF FOREST PARK and ANTHONY CALDERONE ("Defendants"), by their attorney, Elisha S. Rosenblum of the law firm of O'Halloran Kosoff Geitner & Cook, LLC, and for their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, state as follows:

1. Plaintiff filed an Amended Complaint on March 18, 2008 (document no. 8). In its Amended Complaint, Plaintiff alleges a cause of action against the Defendants under 42 U.S.C. §1983 based upon an alleged First Amendment violation (paragraphs 27-28 of the Amended Complaint).

2. The alleged First Amendment violation is based upon the passing of an ordinance by the Defendants on November 26, 2007 (paragraph 1 of the Amended Complaint), and the subsequent denial of Plaintiff's business license application on December 5, 2007 (paragraph 25 of the Amended Complaint).

3. The subject village ordinance states generally that a sexually oriented business in the Village of Forest Park cannot be located in violation of the location restrictions set forth in the Illinois Municipal Code, 65 ILCS 5/11-5-1.5 (paragraph 21 of the Amended Complaint). It is undisputed and not pleaded by the Plaintiff that the Village of Forest Park had any involvement whatsoever in the enactment of the Illinois statue at issue in this case. The relevant text of 65 ILCS 5/11-5-1.5 is laid out in paragraph 22 of the Amended Complaint.

4. It is undisputed and even conceded by the Plaintiff in paragraph 23 of the Amended Complaint that Plaintiff's proposed business location (the one for which the business

1

license application was denied) is situated in a location that violates the state statute at issue in this case.

5.      The denial of Plaintiff's business license application on December 5, 2007 is referenced in paragraph 25 of the Amended Complaint, and Defendants submit the actual letter denying the business license application as exhibit A to this Motion to Dismiss (since the denial of the business license application is referenced in the Amended Complaint, the letter from the city attorney to counsel for the Plaintiff should not be considered extraneous material for purposes of this Rule 12 motion).  The first paragraph of this letter makes clear that the basis for the denial of Plaintiff's business license application is the fact that Plaintiff's proposed business location violates the applicable state statute (65 ILCS 5/11-5-1.5) because the proposed location lies within one mile of cemeteries and the forest preserve.  The only reference to the Village ordinance is in the third paragraph of this letter (page 2) wherein Plaintiff's counsel is informed that Plaintiff's proposed business location lies outside of the Sexually Oriented Business District contained within the village ordinance.  However, as stated above, Plaintiff's business license application was denied because the proposed location violated Illinois law.

6.      Two Seventh Circuit decisions have enacted a rule of no liability for municipal enforcement of state law.  In *Surplus Store & Exchange, Inc. v. City of Delphi*, 928 F.2d 788 (7th Cir. 1991), a city police officer seized several allegedly stolen rings from a pawn shop and released them to their purported owner. The pawn shop brought suit against the municipality, claiming that the absence of a hearing regarding the disposition of the rings violated its procedural due process rights. The store alleged that the city police officer took the rings under the color of three state statutes that collectively authorized police to seize unlawfully obtained items and return them to their owners. The pawn shop then attempted to argue that the City of Delphi had a policy enforcing state statutes. The court roundly rejected the argument. In the court's opinion, *Surplus Store & Exchange, Inc. v. City of Delphi*, 928 F.2d at 791-92, Judge Bauer stated as follows:

> "It is difficult to imagine a municipal policy more innocuous and constitutionally permissible, and whose causal connection to the alleged violation is more attenuated, than the "policy" of enforcing state law. If the language and standards from *Monell* are not to

become a dead letter, such a "policy" simply cannot be sufficient to ground liability against a municipality."[1]

7.  Another Seventh Circuit case denying liability, *Bethesda Lutheran Homes & Services v. Leean*, 154 F.3d 716 (7th Cir. 1998), involved a claim by mentally retarded patients of a Wisconsin medical facility that a Wisconsin county had unconstitutionally abridged their federal right to travel by denying them Wisconsin residency and Medicaid benefits.  The county claimed that this denial of residency was mandated by Wisconsin law.  Judge Posner denied money damages to the plaintiffs and admonished that "when the municipality is acting under compulsion of state or federal law, it is the policy contained in that state or federal law, rather than anything devised or adopted by the municipality, that is responsible for the injury." *Bethesda Lutheran Homes & Services v. Leean*, 154 F.3d at 718.  Additionally, in *Quinones v. City of Evanston*, 58 F.3d 275, 278 (7th Cir. 1995), Judge Easterbrook also approved this doctrine of non-liability for a municipality that acts under the command of state or federal law.

8.  This court should also note Judge Linberg's opinion in *Marzec v. Village of Crestwood*, 1990 WL 171772 (N.D.Ill., 10/30/90), *aff'd,* 943 F.2d 54 (7th Cir. 1991)(attached as exhibit B).  In that opinion, Judge Lindberg granted summary judgment for the Village of Crestwood, holding that since in that case the State of Illinois was the actual policymaker (the village ordinance at issue essentially duplicated an Illinois statute), the village could not be responsible for any violation of the plaintiffs' constitutional rights.  In the opinion, *Marzec v. Village of Crestwood*, 1990 WL 171772 at *7, Judge Lindberg stated as follows:

> "It is therefore impossible for the Village to be responsible for any violation of plaintiffs' rights caused by the towing.  The policymaker for purposes of towing under the circumstances at bar was the State of Illinois.  If plaintiffs' rights were violated by towing conducted in accordance with that policy, the Village is not responsible because it was the State's rather than the Village's policy that caused the harm.  If plaintiffs' rights were violated by towing ordered by the Chief contrary to the policy, the Village is not responsible under *Monell* and its progeny."

---

[1] The court made its rejection of the plaintiff's argument even more explicit in footnote 4 of the opinion. *Surplus Store & Exchange, Inc. v. City of Delphi*, 928 F.2d at 791.  Addressing the argument that all cities can be charged with "adopting" as a matter of policy all state laws that they do not ignore, the court stated:

> This argument would render meaningless the entire body of precedent from the Supreme Court and this court that requires culpability on the part of a municipality and/or its policymakers before the municipality can be held liable under 1983, and would allow municipalities to be nothing more than convenient receptacles of liability for violations caused entirely by state actors - here, the Indiana legislature.  Thus, it is wholly without merit

9.      In this case, the Defendants are alleged to have violated Plaintiff's constitutional rights by denying Plaintiff's business license application.  However, as is pleaded by Plaintiff, the denial of the business license application was based solely on the application of Illinois law to Plaintiff's proposed business location (Plaintiff does not dispute that its proposed location violates the applicable state law).  That the subject state law is referenced in the Defendants' village ordinances is of no consequence.  The sole reason for the denial of the business license application was the application and enforcement of a state law.  Based upon the above-stated precedent of the Seventh Circuit Court of Appeals and another ruling in this judicial district regarding *Monell* liability for enforcement of a state law, Plaintiff has failed to allege a municipal policy that was the proximate cause of Plaintiff's alleged constitutional injury.  As such, the Defendants cannot be held liable under Section 1983.  Accordingly, Plaintiff's Amended Complaint must be dismissed with prejudice.

10.     In the alternative, should this Court deny the instant motion, Defendants maintain that Defendant Anthony Calderone should be dismissed as a party to this lawsuit with prejudice.  Defendant Calderone is sued in his official capacity only.  A suit against a governmental officer in his official capacity is actually a suit against the governmental entity for which the officer works.  ***Will v. Michigan Department of Police***, 491 U.S. 58, 71 (1989).  Since Plaintiff has named the Village of Forest Park as a defendant, the official capacity claims against Calderone are redundant and should be dismissed.  See ***Smith v. Metropolitan School District Perry Township***, 128 F.3d 1014, 1021, n. 3 (7th Cir. 1997)(suit against principal and assistant principal in their official capacities were redundant where suit was also against the entity, *i.e.,* the school district and school board); ***Jungels v. Pierce***, 825 F.2d 1127, 1129 (7th Cir. 1987)(holding that a claim brought against a mayor in his official capacity and against the city were brought against "one defendant . . . not two" and observing that "nothing was added by suing the mayor in his official capacity").

WHEREFORE, based upon the foregoing, Defendants, VILLAGE OF FOREST PARK and ANTHONY CALDERONE, pray that this Honorable Court grant this motion and dismiss

Plaintiff's Amended Complaint with prejudice.

                              **VILLAGE OF FOREST PARK and ANTHONY CALDERONE**

                              s/ Elisha S. Rosenblum
Elisha S. Rosenblum, #6225957
O'Halloran, Kosoff, Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL  60062
Telephone: (847) 291-0200
Fax: (847) 291-9230
**E-mail:**  esrosenblum@okgc.com

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| 7865 INDUSTRIAL DRIVE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 08-cv-1147 |
| | ) | |
| VILLAGE OF FOREST PARK and ANTHINY CALDERONE, | ) ) | Honorable Judge Elaine Bucklo |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2008, I electronically filed this ***Defendants' Motion to Dismiss*** with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, which will send notification of such filing to the following:

Stan C. Sneeringer
Pedersen & Houpt
161 N. Clark, Suite 3100
Chicago, Illinois 60601
ssneeringer@pedersenhoupt.com

　　　　　　　　　　　　　　　　　　　　**VILLAGE OF FOREST PARK and
　　　　　　　　　　　　　　　　　　　　ANTHONY CALDERONE**

　　　　　　　　　　By:　　s/Elisha S. Rosenblum
　　　　　　　　　　　　　　Elisha S. Rosenblum　#6225957
　　　　　　　　　　　　　　O'Halloran Kosoff Geitner & Cook, LLC
　　　　　　　　　　　　　　650 Dundee Road, Suite 475
　　　　　　　　　　　　　　Northbrook, IL 60062
　　　　　　　　　　　　　　Telephone:　　(847) 291-0200
　　　　　　　　　　　　　　Facsimile:　　(847) 291-9230
　　　　　　　　　　　　　　E-mail:　esrosenblum@okgc.com

6