IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 7865 INDUSTRIAL DRIVE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2008 CV 1147 |
| | ) | Judge Bucklo |
| VILLAGE OF FOREST PARK and | ) | |
| ANTHONY CALDERONE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION FOR RECONSIDERATION**

NOW COMES Defendant, VILLAGE OF FOREST PARK ("Defendant"), by its attorney, Elisha S. Rosenblum of the law firm of O'Halloran Kosoff Geitner & Cook, LLC, and for its Motion for Reconsideration, state as follows:

On March 18, 2008, Plaintiff filed an amended complaint alleging that the Village of Forest Park's enforcement of a state law related to the placement of adult uses was in violation of 42 U.S.C. §1983.[1]  Plaintiff sought declaratory and injunctive relief as well as monetary damages.  On April 28, 2008, Defendant filed a motion to dismiss, arguing that the Village was not a proper party to this suit because the enforcement of a state law could not encompass a policy which is the moving force behind a Constitutional violation, as required under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) and its progeny.  On May 9, 2008, this Court denied Defendant's motion.  Defendant now respectfully asks this Court to reconsider its ruling based on the arguments below.

For ease of reference, the entire relevant portion of this Court's ruling is provided below:

> The Village argues that it cannot be held liable because its municipal ordinance relies on state law. The cases it cites, e.g., Quiones v. City of Evanston, 58 F.3d 275 (7th Cir. 1995), hold exactly the opposite of defendant's argument insofar as plaintiff seeks declaratory and injunctive relief (damages may be a different

---

[1] The local Ordinance creating the Sexually Oriented Business Overlay District provides in pertinent part: "A sexually oriented business that is an adult entertainment facility, as that phrase is defined in Section 11-5-1.5 of the Illinois Municipal Code (65 ILCS 5/11-5-1.5), shall not be located in violation of the locational restrictions set forth in said Section 11-5-1.5 of the Illinois Municipal Code (65 ILCS 5/11-5-1.5), as amended ..."

1

> question, but damages are not the primary issue in this case). "A person aggrieved by the application of a legal rule does not sue the rule maker ––– Congress, the president, the United States, a state, a state_9;s [sic] legislature, the judge who announced the principle of common law. He sues the person whose acts hurt him.." Id. at 277. In this case, so far as presently alleged, and not disputed by defendant, it is the Village that is acting in ways that are alleged to be unconstitutional. Whether the source of the Village's action is state or some other law, it is, as so alleged, the actor.

May 9, 2008 Minute Entry, Doc. 22. Defendant avers that this Court's reliance on the Seventh Circuit opinion in *Quinones* is misplaced. An analysis of the procedural history of *Quinones* should help guide this Court to the conclusion that *Quinones* is consistent with the Seventh Circuit's decision in *Surplus Store and Exchange, Inc. v. City of Delphi*, 928 F.2d 788, 790 (7th Cir. 1991) and such other cases relied upon by the Defendant in support of its position.

      In *Quinones*, a City of Evanston firefighter was denied disability insurance coverage and participation in a pension plan by the City pursuant to a provision found in the Firefighters' Pension Fund, a State of Illinois law. The man filed a §1983 action against the City, seeking injunctive relief in the form of insurance coverage and participation in the pension plan. The District Court granted the City's motion to dismiss stating that the City could not be sued under §1983 based on an alleged policy of following state law. "There can be no municipal liability under 42 U.S.C. §1983 unless some policy or practice *of the municipality* gives rise to a deprivation of constitutional rights. If Quinones has been deprived of anything the Constitution entitles him to, we cannot say that the City of Evanston's policy (as opposed to the state's mandate) has caused the deprivation." (emphasis in the original.) *Quinones v. City of Evanston*, 1991 U.S. Dist. LEXIS 16368 at *5-6 (N.D. Ill. Nov. 6, 1991).

      Plaintiff was afforded an opportunity to amend his complaint and did so, again alleging that the City had an unconstitutional policy of hiring employees it knows will not be covered under the disability insurance or pension plan, thus denying the individual employees their right to equal protection of the laws. The Court again granted the City's motion to dismiss the §1983 claim, holding that the municipality's policy of implementing state law could not give rise to a claim under *Monell*. *Quinones v. City of Evanston*, 1992 U.S. Dist. LEXIS 10317 at *6-7 (N.D. Ill. July 13, 1992).

Plaintiff was again provided an opportunity to file an amended complaint, and eventually asserted a cause of action against the City under the Age Discrimination in Employment Act, 29 U.S.C.S. §623(j), ("ADEA").  By this point, Plaintiff had abandoned his claim against the City under 42 U.S.C. §1983.  Indeed, by the time the case reached the Seventh Circuit, the §1983 claim was no longer a part of the case, and all that Court was left to deal with was the claim under the ADEA.  The Seventh Circuit noted the decisions of the District Court with regard to who the proper party was, and ultimately determined that the City was the proper party.  However, Judge Easterbrook distinguished cases brought under the ADEA and those cases brought under §1983.  In citing to the Court's prior opinion in *Surplus Store*, Judge Easterbrook noted the requirement under §1983 that a City can only be liable for actions that are undertaken pursuant to official policy.  Distinguishing the case then before the Court, Judge Easterbrook stated that under the ADEA, a municipality is subject to vicarious liability, thus the City of Evanston was properly before the Court as a defendant.  Judge Easterbrook did remark, as this Court noted in its opinion, that "a person aggrieved by the application of a legal rule does not sue the rule maker ‒‒‒ Congress, the president, the United States, a state, a state's legislature, the judge who announced the principle of common law. He sues the person whose acts hurt him. *Quinones*, 58 F.3d 275, 277 (7th Cir. 1995).  He then gave an example of a bank following a state or federal law and questioned why *Brown vs. Board of Ed*. was not a lawsuit brought against the State of Kansas.  However, a bank is a private entity not subject to *Monell,* and *Brown v. Bd. of Ed*. is a pre-*Monell* case.  Simply stated, this rule of law does not apply to municipalities sued under §1983, which are only liable for actions taken pursuant to official policy.  It matters not that the specific relief sought by declaratory, injunctive or monetary relief, *Monell* must still be satisfied.  As stated in *Surplus Store*, 928 F.2d at 790, "it is difficult to imagine a municipal policy more innocuous and constitutionally permissible, and whose causal connection to the alleged violation is more attenuated, than the policy of enforcing state law.  If the language and standards from *Monell* are not to become a dead letter, such a policy simply cannot be sufficient to ground liability against a municipality."

This position was further reinforced by the Seventh Circuit opinion in *Bethesda Lutheran Homes and Services, Inc. v. Leean*, 154 F.3d 716, 718 (7th Cir. 1998).  In that opinion, the Court stated

> Our position admittedly is anomalous from the standpoint of conventional tort law, in which obedience to a superior's orders is not a defense to liability. Restatement (Second) of Torts § 888 (1979). The logic of our position, as we explained in Quinones, is rooted in the principle (firmly established though often criticized, for example in Larry Kramer & Alan Sykes, "Municipal Liability Under § 1983: A Legal and Economic Analysis," 1987 S. Ct. Rev. 249) that a municipality is not vicariously liable under 42 U.S.C. § 1983 for the torts of its employees. Monell v. Department of Social Services, 436 U.S. 658, 691-94, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). The plaintiff who wants a judgment against the municipality under that statute must be able to trace the action of the employees who actually injured him to a policy or other action of the municipality itself. When the municipality is acting under compulsion of state or federal law, it is the policy contained in that state or federal law, rather than anything devised or adopted by the municipality, that is responsible for the injury. Apart from this rather formalistic point, our position has the virtue of minimizing the occasions in which federal constitutional law, enforced through section 1983, puts local government at war with state government.

In the instant case, it is the state law banning adult uses in certain proscribed areas, and not the Village's practice of following such law, which is the cause of any alleged constitutional deprivations. Therefore, the Village is not a proper party to this lawsuit and must be dismissed.[2] Furthermore, in this Court's opinion it was stated that "The cases [defendant] cites, e.g., Quiones v. City of Evanston, 58 F.3d275 (7th Cir. 1995), hold exactly the opposite of defendant's argument insofar as plaintiff seeks declaratory and injunctive relief (damages may be a different question, but damages are not the primary issue in this case)." In the event this Court holds that the Complaint for declaratory and injunctive may move forward, Defendant asserts that the Plaintiff is not entitled to any monetary damages, which are being sought as evidenced by Paragraph 6 of the Amended Complaint and sub-paragraph (e) in the prayer for relief. See Doc. 8. In as much as this Court denies the instant motion as it relates to non-monetary relief, Defendant respectfully requests that this Court reconsider its holding as it pertains to the monetary relief requested, and that any request for monetary relief be stricken.

---

[2] Defendant maintains that the proper party to this lawsuit would be the State of Illinois. Such a lawsuit seeking injunctive relief against the State is not barred by the Eleventh Amendment. *Bullock v. Barham, 957 F.Supp.154, 156 ( N.D. Ill.* 1997); *Nanda v. Bd. of Trs. of the Univ. of Ill.*, 303 F.3d 817, 831 (7th Cir. 2002).

WHEREFORE, based upon the foregoing, Defendant, VILLAGE OF FOREST PARK, pray that this Honorable Court reconsider its Order of May 9, 2008 denying Defendant's motion to dismiss and dismiss Plaintiff's Amended Complaint with prejudice.

**VILLAGE OF FOREST PARK**

s/ Elisha S. Rosenblum
Elisha S. Rosenblum, #6225957
O'Halloran, Kosoff, Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL  60062
Telephone: (847) 291-0200
Fax: (847) 291-9230

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| 7865 INDUSTRIAL DRIVE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 08-cv-1147 |
| | ) | |
| VILLAGE OF FOREST PARK and ANTHINY CALDERONE, | ) ) | Honorable Judge Elaine Bucklo |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2008, I electronically filed this ***Defendant's Motion to Reconsider*** with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, which will send notification of such filing to the following:

Stan C. Sneeringer
Pedersen & Houpt
161 N. Clark, Suite 3100
Chicago, Illinois 60601
ssneeringer@pedersenhoupt.com


**VILLAGE OF FOREST PARK**

By: s/Elisha S. Rosenblum
Elisha S. Rosenblum   #6225957
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062
Telephone:   (847) 291-0200
Facsimile:   (847) 291-9230
E-mail: esrosenblum@okgc.com