# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| 7865 INDUSTRIAL DRIVE, LLC, an Illinois limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08-1147 |
| v. | ) ) | Hon. Judge Elaine E. Bucklo |
| THE VILLAGE OF FOREST PARK, an Illinois municipality. | ) ) ) | |

## SECOND AMENDED COMPLAINT

Plaintiff, 7865 INDUSTRIAL DRIVE, LLC, for its Second Amended Complaint against Defendant, THE VILLAGE OF FOREST PARK (the "Village"), states as follows:

## NATURE OF THE ACTION

1.  On November 26, 2007, the Village passed Local Ordinance O-57-07, entitled "An Ordinance Amending the Village Code Providing for the Licensing and Regulation of Sexually Oriented Businesses in the Village of Forest Park, Cook County, Illinois" (the "Ordinance").

2.  Section 11-5-1.5 of the Illinois Municipal Code, 65 ILCS 5/11-5-1.5 (the "Municipal Code"), places restrictions on the locations of "adult entertainment facilities" in Cook County, Illinois.

3.  The combined effect of the Ordinance and the Municipal Code is to prohibit all adult use entertainment in the Village of Forest Park.

4.  This action seeks a declaratory judgment under 42 U.S.C. § 1983 and 28 U.S.C. § 2201 that the location restrictions contained in the Ordinance and in the Municipal Code constitute

480403.1

illegal abridgments of Plaintiff's freedom of speech in violation of the First and Fourteenth Amendments to the Constitution of the United States.

5. This action also seeks an injunction under 42 U.S.C. § 1983 barring the Village from enforcing the location provisions of the Ordinance or of the Municipal Code, and directing the approval of Plaintiff's Application for a Type 4 Entertainment business license.

6. Finally, this action seeks damages under 42 U.S.C. § 1983 equal to the value of Plaintiff's profits and business opportunities lost by virtue of its inability to operate its business, said value to be proven at trial, as well as attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## PARTIES

7. Plaintiff 7865 Industrial Drive, LLC, is an Illinois limited liability company with its principal place of business in Forest Park, Illinois.

8. Defendant The Village of Forest Park is an Illinois municipality.

## JURISDICTION AND VENUE

9. This Court has general personal jurisdiction over Defendant in that it is an Illinois municipality located within Cook County, Illinois. This Court has specific personal jurisdiction over Defendant in that this action arises out of the passage of an ordinance and enforcement of that ordinance and state laws by an Illinois municipality located within Cook County, Illinois, against an Illinois limited liability company located within Cook County, Illinois.

10. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this matter concerns a federal question arising under 42 U.S.C. § 1983, 28 U.S.C. § 2201 and the Constitution of the United States.

11. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391 (b) because

Defendant is located within the Northern District of Illinois and the State of Illinois.

## COUNT I
## VIOLATION OF CIVIL RIGHTS UNDER
## UNCONSTITUTIONAL STATE STATUTE

12.     On or about November 7, 2007, Plaintiff applied to the Village of Forest Park for a Class A license to serve liquor in an amusement establishment, pursuant to Sections 3-3-3 and 3-3-12 of the Village Code. Said amusement establishment was to be located at 7865-7975 Industrial Drive; Forest Park, Illinois.

13.     At the same time, Plaintiff applied, pursuant to Section 3-5-1 of the Village Code, for a license to operate an Type 4 (over 6 persons) Entertainment business at the same establishment. In its license application, Plaintiff stated that "[t]he applicants intend to operate a nightclub/gentleman's club serving alcohol and having topless dancers."

14.     Section 11-5-1.5 of the Illinois Municipal Code, 65 ILCS 5/11-5-1.5, states, in pertinent part:

> It is ... prohibited to locate, construct, or operate a new adult entertainment facility within one mile of the property boundaries of any school, day care center, cemetery, public park, forest preserve, public housing, or place of religious worship located in that area of Cook County outside of the City of Chicago.
>
> For the purposes of this Section, "adult entertainment facility" means (i) a striptease club or pornographic movie theatre whose business is the commercial sale, dissemination, or distribution of sexually explicit material, shows, or other exhibitions ...

15.     On information and belief, the entirety of the Village of Forest Park, including Plaintiff's proposed business location of 7865-7975 Industrial Drive, lies within one mile from the property boundaries of a school, day care center, cemetery, public park, forest preserve, public housing, or place of religious worship.

16. Accordingly, the effect of the Municipal Code is to forbid the operation of "sexually oriented businesses" within the Village of Forest Park, including at Plaintiff's proposed business location of 7865-7975 Industrial Drive.

17. Plaintiff's right to freedom of speech, as secured by the First and Fourteenth Amendments to the Constitution of the United States, includes the right to present nude and semi-nude dancing to adult patrons who wish to view such expressive conduct.

18. The relevant provision of the Municipal Code is unconstitutional, both on its face and as applied to Plaintiff, in that it creates a prior restraint on protected speech.

19. On information and belief, the relevant provision of the Municipal Code was adopted with the predominant intent of censoring and suppressing the speech at issue.

20. On information and belief, the Illinois Legislature enacted the relevant provision of the Municipal Code without a reasonable basis for belief that businesses such as Plaintiff's cause adverse secondary effects and without information sufficient to form such a belief.

21. The relevant provision of the Municipal Code does not serve a compelling government interest, is not narrowly tailored to serve any such interest and fails to use the least restrictive means possible to serve any such interest.

22. In addition, the relevant provision of the Municipal Code does not serve a substantial or significant government interest and does not provide adequate alternative avenues for the speech in question.

23. On December 5, 2007, the Village rejected Plaintiff's business license application, citing the Municipal Code in addition to its own Ordinance. The Village stated its intention to apply the terms of the Municipal Code to any future application for a business license filed by Plaintiff.

Plaintiff re-filed its business license application on February 25, 2008.

24.  42 U.S.C. § 1983 provides, in pertinent part, that:

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

25.  By denying Plaintiff's application for a business license in reliance on the Municipal Code, the Village has acted under the color of law to deprive Plaintiff of, and to impose a prior restraint on Plaintiff's exercise of, its constitutional rights, thereby causing injury to Plaintiff.

26.  Plaintiff has been economically damaged by the Village's deprivation of and imposition of a prior restraint on Plaintiff's exercise of its constitutional rights in that Plaintiff has lost business income and opportunities.

WHEREFORE, Plaintiff, 7865 Industrial Drive, LLC, prays that this Court enter judgment in its favor and against Defendants The Village of Forest Park and enter an order:

(a)  declaring, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201, that the location provisions of the Municipal Code, specifically Section 11-5-1.5, 65 ILCS 5/11-5-1.5, are unconstitutional and unenforceable;

(b)  enjoining the Village, pursuant to 42 U.S.C. § 1983, from enforcing or applying the location provisions of the Municipal Code;

(c)  ordering the Village, pursuant to 42 U.S.C. § 1983, to grant Plaintiff a Type 4 Entertainment business license;

(d)  awarding Plaintiff such damages as are proven at trial, pursuant to 42 U.S.C. § 1983;

(e)  awarding Plaintiff its costs and attorneys' fees incurred in the prosecution of this action, pursuant to 42 U.S.C. § 1988; and

(f)  granting such other relief as the Court deems just.

## COUNT II
## VIOLATION OF CIVIL RIGHTS UNDER
## UNCONSTITUTIONAL VILLAGE ORDINANCE

27.     Plaintiff incorporates by reference paragraphs 1-26 of this Complaint as though fully set forth herein.

28.     On or about November 7, 2007, Plaintiff applied to the Village of Forest Park, pursuant to Section 3-5-1 of the Village Code, for a license to operate an Type 4 (over 6 persons) Entertainment business to be located at 7865-7975 Industrial Drive; Forest Park, Illinois.  In its license application, Plaintiff stated that "[t]he applicants intend to operate a nightclub/gentleman's club serving alcohol and having topless dancers."

29.     Less than three weeks later, on November 26, 2007, the Village Council, which is comprised of the Village's elected Mayor and four elected Village Commissioners, voted on and passed Local Ordinance O-57-07 ("the Ordinance"), which amends various portions of the Village Code.

30.     The Ordinance purports to regulate "sexually oriented businesses," which it defines as "an adult arcade, adult bookstore or adult video store, adult cabaret, adult motel, adult motion picture theater, adult theater, escort agency, nude model studio, or sexual encounter center." Village Code, 3-11-3 (19).

31.     The Ordinance defines an "adult cabaret" as:

a nightclub, bar, restaurant, café, or similar commercial establishment that regularly, commonly, habitually, or consistently features:

    (A)    persons who appear in a state of nudity or semi-nudity; or

    (B)    live performances that are distinguished or characterized by the exposure of "specified anatomical areas" or by "specified sexual activities"; or

  (C) films, motion pictures, video cassettes, slides, photographic reproductions, or other image producing devices that are distinguished or characterized by the depiction or description of "specified sexual activities" or "specified anatomical areas"; or

  (D) persons who engage in "exotic" or erotic dancing or performances that are intended for the sexual interests or titillation of an audience or customers.

32. The Ordinance places various restrictions on the operation and location of "sexually oriented businesses."

33. The Ordinance first restricts the operation and location of "sexually oriented businesses" by limiting those business to a "Sexually Oriented Business Overlay District." Section 9-5C-5 of the Village Code, which codifies the Ordinance in part, now states, in pertinent part:

  (A) Sexually oriented businesses shall be permitted only in the Sexually Oriented Business Overlay District. The Sexually Oriented Business Overlay District shall be that portion of the I-2 Industrial District located south of Greenburg Road, east of Des Plaines Avenue, north of the boundary of Woodlawn Cemetery and west of the Village's eastern corporate limits...

Section 9-5C-5(A) of the Village Code goes on to except various parcels from the general description set forth above.

34. However, the Ordinance also forbids any "sexually oriented business" from being located in violation of the Illinois Municipal Code. Section 9-5C-8 of the Village Code, which codifies the Ordinance in part, now states, in pertinent part:

  (A) A sexually oriented business that is an adult entertainment facility, as that phrase is defined in Section 11-5-1.5 of the Illinois Municipal Code (65 ILCS 5/11-5-1.5), shall not be located in violation of the locational restrictions set forth in said Section 11-5-1.5 of the Illinois Municipal Code (65 ILCS 5/11-5-1.5), as amended ...

That requirement is repeated and further codified in Section 3-11-14 of the Village Code.

35. Every portion of the Sexually Oriented Business Overlay District created by the

Ordinance, including Plaintiff's proposed business location of 7865-7975 Industrial Drive, lies within one mile from the property boundaries of a school, day care center, cemetery, public park, forest preserve, public housing, or place of religious worship.

36. Accordingly, the Ordinance, which incorporates the Municipal Code and adopts said Code as the Village's own policy, forbids the operation of "sexually oriented businesses" within the entire Village of Forest Park, including at Plaintiff's proposed business location of 7865-7975 Industrial Drive, provided that any said "sexually oriented business" satisfies the definition of an "adult entertainment facility" under the Illinois Municipal Code, 65 ILCS 5/11-5-1.5.

37. Plaintiff's right to freedom of speech, as secured by the First and Fourteenth Amendments to the Constitution of the United States, includes the right to present nude and semi-nude dancing to adult patrons who wish to view such expressive conduct.

38. The Ordinance is unconstitutional, both on its face and as applied to Plaintiff, in that it creates a prior restraint on protected speech.

39. On information and belief, the Village acted in bad faith and with the specific and predominant intent of censoring and suppressing Plaintiff's speech, in particular. The Ordinance, passed during the pendency of Plaintiff's business license application, includes the entirety of Industrial Drive within the Sexually Oriented Business Overlay District except Plaintiff's proposed business location and the location across the street. In addition, the Village circulated memoranda to the Village Zoning Board of Appeals with scripted questions to ask during the "open meeting" in which the Ordinance was reviewed in order to create the appearance of a disinterested review.

40. On information and belief, the Village enacted the Ordinance without a reasonable basis for belief that businesses such as Plaintiff's cause adverse secondary effects and without

information sufficient to form such a belief.

41. The Ordinance does not serve a compelling government interest, is not narrowly tailored to serve any such interest and fails to use the least restrictive means possible to serve any such interest.

42. In addition, the Ordinance does not serve a substantial or significant government interest and does not provide adequate alternative avenues for the speech in question.

43. On December 5, 2007, the Village rejected Plaintiff's business license application, citing the Ordinance in addition to the Municipal Code. The Village stated its intention to apply the terms of the Ordinance to any future application for a business license filed by Plaintiff. Plaintiff re-filed its business license application on February 25, 2008.

44. By passing and enacting the Ordinance and by denying Plaintiff's application for a business license in reliance on the Ordinance, the Village has acted under the color of law to deprive Plaintiff of, and to impose a prior restraint on Plaintiff's exercise of, its constitutional rights, thereby causing injury to Plaintiff.

45. Plaintiff has been economically damaged by the Village's deprivation of and imposition of a prior restraint on Plaintiff's exercise of its constitutional rights in that Plaintiff has lost business income and opportunities.

WHEREFORE, Plaintiff, 7865 Industrial Drive, LLC, prays that this Court enter judgment in its favor and against Defendants The Village of Forest Park and enter an order:

(a) declaring, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201, that the location provisions of the Ordinance, specifically Sections 3-11-14, 9-5C-5 and 9-5C-8 of the Village Code, are unconstitutional and unenforceable;

(b) enjoining the Village, pursuant to 42 U.S.C. § 1983, from enforcing or applying the location provisions of the Ordinance;

(c) ordering the Village, pursuant to 42 U.S.C. § 1983, to grant Plaintiff a Type 4 Entertainment business license;

(d) awarding Plaintiff such damages as are proven at trial, pursuant to 42 U.S.C. § 1983;

(e) awarding Plaintiff its costs and attorneys' fees incurred in the prosecution of this action, pursuant to 42 U.S.C. § 1988; and

(f) granting such other relief as the Court deems just.

Dated: June 27, 2008

Respectfully submitted,

7865 INDUSTRIAL DRIVE, LLC


By:  s/Stan Sneeringer
     One of its Attorneys


Lawrence W. Byrne
Stan C. Sneeringer
PEDERSEN & HOUPT
161 North Clark Street
Suite 3100
Chicago, Illinois 60601-3242
(312) 641-6888

## CERTIFICATE OF SERVICE

I, Stan C. Sneeringer, an attorney, state that I caused a copy of the foregoing **NOTICE OF CONSTITUTIONAL QUESTION** to be served upon the following counsel of record:

## SERVICE LIST

| | |
|---|---|
| Elisha S. Rosenblum | Lisa Madigan |
| O'Halloran Kosoff Geitner & Cook, LLC | Illinois Attorney General's Office |
| 650 Dundee Road, Suite 475 | 100 West Randolph St., 12th floor |
| Northbrook, IL 60062 | Chicago, IL 60601 |
| | |
| *Via electronic filing on June 27, 2008.* | *Via Certified Mail, Return Receipt Requested on June 27, 2008* |

    s/Stan Sneeringer