## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| 7865 INDUSTRIAL DRIVE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 08 C 1147 |
| | ) | |
| VILLAGE OF FOREST PARK | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant, Village of Forest Park, by and through its attorney, Elisha S. Rosenblum, and for its Answer to Plaintiff's Second Amended Complaint states as follows:

### NATURE OF THE ACTION

1.     On November 26, 2007, the Village passed Local Ordinance 0-57-07, entitled "An Ordinance Amending the Village Code Providing for the Licensing and Regulation of Sexually Oriented Businesses in the Village of Forest Park, Cook County, Illinois" (the "Ordinance").

**ANSWER:**   Admit.

2.     Section 11-5-105 of the Illinois Municipal Code, 65 ILCS 5/11-5-1.5 (the "Municipal Code"), places restrictions on the locations of "adult entertainment facilities" in Cook County, Illinois.

**ANSWER:**   Admit.

3.     The combined effect of the Ordinance and the Municipal Code is to prohibit all adult use entertainment in the Village of Forest Park.

**ANSWER:**   Denied.  The state law referenced in paragraph 2, in and of itself, prohibits such "adult use entertainment."

4.     This action seeks a declaratory judgment under 42 U.S.C. § 1983 and 28 U.S.C. §2201 that the location restrictions contained in the Ordinance and in the Municipal Code constitute illegal abridgments of Plaintiff's freedom of speech in violation of the First and Fourteenth Amendments to the Constitution of the United States.

**ANSWER:**   Defendants admits that Plaintiff has filed a lawsuit seeking such relief, but denies that Plaintiff's civil or constitutional rights have been violated and denies that Plaintiff is entitled to the requested relief.

5.      This action also seeks an injunction under 42 U.S.C. § 1983 barring the Village from enforcing the location provisions of the Ordinance or of the Municipal Code, and directing the approval of Plaintiffs Application for a Type 4 Entertainment business license.

**ANSWER:**   Defendant admits that Plaintiff seeks an injunction, but denies that Plaintiff is entitled to such relief.

6.      Finally, this action seeks damages under 42 U.S.C. §1983 equal to the value of Plaintiffs profits and business opportunities lost by virtue of its inability to operate its business, said value to be proven at trial, as well as attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**ANSWER:**   Defendant admits that Plaintiff seeks damages, but denies that Plaintiff can prove such damages, and denies that Plaintiff is entitled to any damages.

## PARTIES

7.      Plaintiff 7865 Industrial Drive, LLC, is an Illinois limited liability company with its principal place of business in Forest Park, Illinois.

**ANSWER:**   Admit.

8.      Defendant The Village of Forest Park is an Illinois municipality.

**ANSWER:**   Admit.

## JURISDICTION AND VENUE

9.      This Court has general personal jurisdiction over Defendant in that it is an Illinois municipality located within Cook County, Illinois. This Court has specific personal jurisdiction over Defendant in that this action arises out of the passage of an ordinance and enforcement of that ordinance and state laws by an Illinois municipality located within Cook County, Illinois, against an Illinois limited liability company located within Cook County, Illinois.

**ANSWER:**   Admit.

10.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this matter concerns a federal question arising under 42 U.S.C. § 1983, 28 U.S.C. § 2201 and the Constitution of the United States.

**ANSWER:**   Admit.

11.      Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391 (b) because Defendant is located within the Northern District of Illinois and the State of Illinois.

**ANSWER:**   Admit.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS UNDER**
**UNCONSTITUTIONAL STATE STATUTE**

12.     On or about November 7, 2007, Plaintiff applied to the Village of Forest Park for a Class A license to serve liquor in an amusement establishment, pursuant to Sections 3-3-3 and 3-3-12 of the Village Code. Said amusement establishment was to be located at 7865-7975 Industrial Drive, Forest Park, Illinois.

**ANSWER:**     Admit.

13.     At the same time, Plaintiff applied, pursuant to Section 3-5-1 of the Village Code, for a license to operate a Type 4 (over 6 persons) Entertainment business at the same establishment. In its license application, Plaintiff stated that "[t]he applicants intend to operate a nightclub/gentleman's club serving alcohol and having topless dancers."

**ANSWER:**     Admit.

14.     Section 11-5-1.5 of the Illinois Municipal Code, 65 ILCS 5/11-5-15, states, in pertinent part.

> It is…prohibited to locate, construct, or operate a new adult entertainment facility within one mile of the property boundaries of any school, day care center, cemetery, public park, forest preserve, public housing, or place of religious worship located in that area of Cook County outside of the City of Chicago

> For the purposes of this Section, "adult entertainment facility" means (i) a striptease club or pornographic movie theatre whose business is the commercial sale, dissemination, or distribution of sexually explicit material, shows, or other exhibitions…

**ANSWER:**     Admit.

15.     On information and belief, the entirety of the Village of Forest Park, including Plaintiff's proposes business location of 7865-7975 Industrial Drive, lies within one mile from the property boundaries of a school, day care center, cemetery, public park, forest preserve, public housing, or place of religious worship.

**ANSWER:**     Admit.

16.     Accordingly, the effect of the Municipal Code is to forbid the operation of "sexually oriented businesses" within the Village of Forest Park, including at Plaintiff's proposed business location of 7865-7975 Industrial Drive.

**ANSWER:**     Admit.

17.    Plaintiff's right to freedom of speech, as secured by the First and Fourteenth Amendments to the Constitution of the United States, includes the right to present nude and semi-nude dancing to adult patrons who wish to view such expressive conduct.

**ANSWER:**    Defendant makes no answer to Paragraph 17 since it calls for a legal conclusion. To the extent that any of the allegations in Paragraph 17 are factual in nature, Defendant denies same.

18.    The relevant provision of the Municipal Code is unconstitutional, both on its face and as applied to Plaintiff, in that it creates a prior restraint on protected speech.

**ANSWER:**    Denied.

19.    On information and belief, the relevant provision of the Municipal Code was adopted with the predominant intent of censoring and suppressing the speech at issue.

**ANSWER:**    Denied.

20.    On information and belief, the Illinois Legislature enacted the relevant provision of the Municipal Code without a reasonable basis for belief that businesses such as Plaintiff's cause adverse secondary effects and without information sufficient to form such a belief.

**ANSWER:**    Denied.

21.    The relevant provision of the Municipal Code does not serve a compelling government interest, is not narrowly tailored to serve any such interest and fails to use the least restrictive means possible to serve any such interest.

**ANSWER:**    Denied.

22.    In addition, the relevant provision of the Municipal Code does not serve a substantial or significant government interest and does not provide adequate alternative avenues for the speech in question.

**ANSWER:**    Denied.

23.    On December 5, 2007, the Village rejected Plaintiff's business license application, citing the Municipal Code in addition to its own Ordinance.  The Village stated its intention to apply the terms of the Municipal Code to any future application for a business license filed by Plaintiff.  Plaintiff re-filed its business license application on February 25, 2008.

**ANSWER:**    Defendant admits only that Plaintiff's business license application was rejected, that the December 5, 2007 letter from Mr. Durkin to Mr. Byrne speaks for itself, and also admit that Plaintiff has since refiled its business license application.  Defendant denies the remaining allegations contained in Paragraph 23.

24.    42 U.S.C. §1983 provides, in pertinent part, that.

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

**ANSWER:**    Admit.

25.    By denying Plaintiff's application for a business license in reliance on the Municipal Code, the Village has acted under the color of law to deprive Plaintiff of, and to impose a prior restraint on Plaintiff's exercise of, its constitutional rights, thereby causing injury to Plaintiff.

**ANSWER:**    Denied.

26.    Plaintiff has been economically damaged by the Village's deprivation of and imposition of a prior restraint on Plaintiff's exercise of its constitutional rights in that Plaintiff has lost business income and opportunities.

**ANSWER:**    Denied.

## COUNT II
### VIOLATION OF CIVIL RIGHTS UNDER
### UNCONSTITUTIONAL VILLAGE ORDINANCE

27.    Plaintiff incorporates by reference paragraphs 1-26 of this Complaint as though fully set forth herein.

**ANSWER:**    Defendant restates and realleges its answers to Paragraphs 1-26 of this Complaint as its answer to Paragraph 27 of this Complaint as though fully stated herein.

28.    On or about November 7, 2007, Plaintiff applied to the Village of Forest Park, pursuant to Section 3-5-1 of the Village Code, for a license to operate a Type 4 (over 6 persons) Entertainment business to be located at 7865-7975 Industrial Drive, Forest Park, Illinois.  In this license application, Plaintiff stated that "[t]he applicants intend to operate a nightclub/gentleman's club serving alcohol and having topless dancers."

**ANSWER:**    Admit.

29.    Less than three weeks later, on November 26, 2007, the Village Council, which is comprised of the Village's elected Mayor and four elected Village Commissioners, voted on and passed Local Ordinance O-57-07 ("the Ordinance"), which amends various portions of the Village Code.

**ANSWER:**     Admit.

30.     The Ordinance purports to regulate "sexually oriented business," which it defines as "an adult arcade, adult bookstore or adult video store, adult cabaret, adult motel, adult motion picture theater, adult theatre, escort agency, nude model studio, or sexual encounter center."  Village Code, 3-11-3 (19).

**ANSWER:**     Admit.

31.     The Ordinance defines an "adult cabaret" as:

a nightclub, bar, restaurant, café, or similar commercial establishment that regularly, commonly, habitually, or consistently features:

(A)     persons who appear in a state of nudity or semi-nudity; or
(B)     live performances that are distinguished or characterized by the exposure of "specified anatomical areas" or by "specified sexual activities"; or
(C)     films, motion pictures, video cassettes, slides, photographic reproductions, or other image producing devices that are distinguished or characterized by the depiction or description of "specified sexual activities" or "specified anatomical areas"; or
(D)     persons who engage in "exotic" or erotic dancing or performances that are intended for the sexual interests or titillation of an audience or customers.

**ANSWER:**     Admit.

32.     The Ordinance places various restrictions on the operation and location of "sexually oriented businesses."

**ANSWER:**     Admit.

33.     The Ordinance first restricts the operation and location of "sexually oriented businesses" by limiting those businesses to a "Sexually Oriented Business Overlay District." Section 9-5C-5 of the Village Code, which codifies the Ordinance in part, now states, in pertinent part:

(A)     Sexually oriented businesses shall be permitted only in the Sexually Oriented Business Overlay District.  The Sexually Oriented Business Overlay District shall be that portion of the 1-2 Industrial District located south of Greenburg Road, east of Des Plaines Avenue, north of the boundary of Woodlawn Cemetery and west of the Village's eastern corporate limits.

Section 9-5C-5(A) of the Village Code goes on to except various parcels from the general description set forth above.

**ANSWER:**     Admit.

34.     However, the Ordinance also forbids any "sexually oriented business" from being located in violation of the Illinois Municipal Code.  Section 9-5C-8 of the Village Code, which codifies the Ordinance in part, now states, in pertinent part:

> (A)     A sexually oriented business that is an adult entertainment facility, as that phrase is defined in Section 11-5-1.5 of the Illinois Municipal Code (65 ILCS 5/11-5-1.5), shall not be located in violation of the locational restrictions set forth in said Section 11-5-1.5 of the Illinois Municipal Code (65 ILCS 5/11-5-1.5), as amended…

That requirement is repeated and further codified in Section 3-11-14 of the Village Code.

**ANSWER:**     Admit.

35.     Every portion of the Sexually Oriented Business Overlay district created by the Ordinance, including Plaintiff's proposed business location of 7865-7975 Industrial Drive, lies within one mile from the property boundaries of a school, day care center, cemetery, public park, forest preserve, public housing, or place of religious worship.

**ANSWER:**     Admit.

36.     Accordingly, the Ordinance, which incorporates the Municipal Code and adopts said Code as the village's own policy, forbids the operation of "sexually oriented businesses" within the entire Village of Forest Park, including at Plaintiff's proposed business location of 7865-7975 Industrial Drive, provided that any said "sexually oriented business" satisfies the definition of an "adult entertainment facility" under the Illinois Municipal Code, 65 ILCS 5/11-5-1.5

**ANSWER:**     Denied.  It is the state law referenced above that forbids the operation of "sexually oriented businesses" within the Village of Forest Park.  Even without the existence of the Ordinance, such businesses would still be prohibited by state law.

37.     Plaintiff's right to freedom of speech, as secured by the First and Fourteenth Amendments to the Constitution of the United States, includes the right to present nude and semi-nude dancing to adult patrons who wish to view such expressive conduct.

**ANSWER:**     Defendant makes no answer to Paragraph 37 since it calls for a legal conclusion. To the extent that any of the allegations in Paragraph 37 are factual in nature, Defendant denies same.

38.     The Ordinance is unconstitutional, both on its face and as applied to Plaintiff, in that it creates a prior restraint on protected speech.

**ANSWER:**     Denied.

39.     On information and belief, the Village acted in bad faith and with the specific and predominant intent of censoring and suppressing Plaintiff's speech, in particular.   The

7

Ordinance, passed during the pendency of Plaintiff's business license application, includes the entirety of Industrial Drive within the Sexually Oriented Business Overlay District except Plaintiff's proposed business location and the location across the street. In addition, the Village circulated memoranda to the Village Zoning Board of appeals with scripted questions to ask during the "open meeting' in which the Ordinance was reviewed in order to create the appearance of a disinterested review.

**ANSWER:**    Denied.

40.    On information and belief, the Village enacted the Ordinance without a reasonable basis for belief that businesses such as Plaintiff's cause adverse secondary effects and without information sufficient to form such a belief.

**ANSWER:**    Denied.

41.    The Ordinance does not serve a compelling government interest, is not narrowly tailored to serve any such interest and fails to use the least restrictive means possible to serve any such interest.

**ANSWER:**    Denied.

42.    In addition, the Ordinance does not serve a substantial or significant government interest and does not provide adequate alternative avenues for the speech in question.

**ANSWER:**    Denied.

43.    On December 5, 2007, the Village rejected Plaintiff's business license application, citing the Ordinance in addition to the Municipal Code. The Village stated its intention to apply the terms of the Ordinance to any future application for a business license filed by Plaintiff. Plaintiff re-filed its business license application on February 25, 2008.

**ANSWER:**    Defendant admits only that Plaintiff's business license application was rejected, that the December 5, 2007 letter from Mr. Durkin to Mr. Byrne speaks for itself, and also admit that Plaintiff has since refiled its business license application. Defendant denies the remaining allegations contained in Paragraph 43.

44.    By passing and enacting the Ordinance and by denying Plaintiff's application for a business license in reliance on the Ordinance, the Village has acted under the color of law to deprive Plaintiff of, and to impose a prior restraint on Plaintiff's exercise of, its constitutional rights, thereby causing injury to Plaintiff.

**ANSWER:**    Denied.

45.    Plaintiff has been economically damaged by the Village's deprivation of and imposition of a prior restraint on Plaintiff's exercise of its constitutional rights in that Plaintiff has lost business income and opportunities.

**ANSWER:**    Denied.

**DEFENDANT RESERVES THE RIGHT TO PLEAD ANY AND ALL APPLICABLE AFFIRMATIVE DEFENSES AFTER THE DISCOVERY IN THIS CASE IS COMPLETED, AND AT ANY TIME PRIOR TO OR DURING TRIAL.**

**DEFENDANT DEMANDS TRIAL BY JURY.**

Wherefore, based upon the foregoing, Defendant requests that this Honorable Court deny the Plaintiff's requested relief and dismiss this case with prejudice.

                                **VILLAGE OF FOREST PARK**

By:    s/Elisha S. Rosenblum
        Elisha S. Rosenblum, Atty No.: 6225957
        O'Halloran Kosoff Geitner & Cook, LLC
        650 Dundee Road, Suite 475
        Northbrook, IL 60062
        Telephone:  (847) 291-0200
        Facsimile:   (847) 291-9230
        Email:  esrosenblum@okgc.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| 7865 INDUSTRIAL DRIVE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 08 C 1147 |
| | ) | |
| VILLAGE OF FOREST PARK | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2008, I electronically filed Defendant's Answer to Plaintiff's Second Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Stan C. Sneeringer
Pedersen & Houpt
161 North Clark, Suite 3100
Chicago, IL 60601
312-641-6888
ssneeringer@pedersenhoupt.com

**VILLAGE OF FOREST PARK**

By:    s/Elisha S. Rosenblum
       Elisha S. Rosenblum, #6225957
       O'Halloran Kosoff Geitner & Cook, LLC.
       650 Dundee Road, Suite 475
       Northbrook, IL 60062
       Telephone:  (847) 291-0200
       Facsimile:  (847) 291-9230
       E-mail:  esrosenblum@okgc.com